Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

October 21, 2021

Ravi Subramanian, Clerk

By_____ Deputy

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR21-175 RSM |
| Plaintiff, | INDICTMENT |
| v. | |
| DEBORAH LYNN PEOPLES, | |
| Defendant. | |

The Grand Jury charges that:

### COUNTS 1-3

(Bank Fraud)

A. **The Scheme and Artifice to Defraud**

1. Beginning at a time unknown but not later than October 31, 2018, and continuing until on or around December 22, 2018, in King County, within the Western District of Washington, and elsewhere, DEBORAH LYNN PEOPLES did knowingly devise and execute a scheme and artifice to defraud financial institutions that are federally insured, and to obtain moneys, funds, credits, assets, and other property under the custody and control of financial institutions that are federally insured by means of

materially false and fraudulent pretenses, representations, and promises, as further and more particularly described below.

2. The essence of the scheme and artifice was for PEOPLES to unjustly enrich herself by stealing mail containing checks belonging to individuals (the "Individual Victims"), altering or otherwise forging these stolen checks, and making or attempting to make unauthorized withdrawals from the Individual Victims' bank accounts at Wells Fargo, Bank of America, Salal Credit Union, and E*Trade Bank, including by depositing such checks into PEOPLES's bank accounts at Whatcom Educational Credit Union ("WECU") and Wells Fargo.

3. The scheme and artifice resulted in at least $6,000.00 in actual losses and $12,750.00 in potential losses to individual victims and financial institutions.

4. At all times relevant to the allegations, Wells Fargo, Bank of America, Salal Credit Union, E*Trade Bank, and WECU met the definition of a financial institution set forth in Title 18, United States Code, Section 20 because their depository accounts are insured by either the Federal Deposit Insurance Corporation or the National Credit Union Share Insurance Fund.

**B.     Manner and Means of the Scheme and Artifice to Defraud**

5. The manner and means used to accomplish the scheme to defraud financial institutions, and to obtain money and funds by means of materially false and fraudulent pretenses, representations, and promises, included the following:

6. It was part of the scheme and artifice to defraud that PEOPLES stole mail from the Individual Victims containing checks belonging to the Individual Victims, or otherwise falsely or fraudulently obtained such checks. PEOPLES was not known by the Individual Victims, nor was she authorized by the Individual Victims to use, receive, or possess their checks.

7. It was further part of the scheme and artifice to defraud that PEOPLES would forge the stolen checks to make them payable to her.

8.   It was further part of the scheme and artifice to defraud that PEOPLES would deposit or attempt to deposit the forged checks belonging to the Individual Victims into PEOPLES's personal bank accounts.

9.   It was further a part of the scheme and artifice to defraud that PEOPLES would cash the forged checks belonging to the Individual Victims at financial institutions where the Individual Victims maintained their accounts.

10.   It was further a part of the scheme and artifice to defraud that, in presenting these forged checks for deposit or cashing, PEOPLES intended to defraud the financial institutions at which the Individual Victims' accounts were held by representing to the financial institutions that she was authorized to access the funds in those accounts, resulting in a loss and a risk of loss to these financial institutions.

11.   It was further a part of the scheme and artifice to defraud that PEOPLES failed to repay the sums withdrawn, resulting in a loss and a risk of loss to financial institutions at which the Individual Victims' accounts were held.

C.   **Execution of the Scheme and Artifice to Defraud**

12.   On or about the dates set forth below, within the Western District of Washington, and elsewhere, DEBORAH LYNN PEOPLES did execute the scheme and artifice to defraud described above by knowingly conducting and causing to be conducted the following representative transactions and activities, with each transaction constituting a separate Count of this Indictment:

| Count | Date | Transaction |
|---|---|---|
| 1 | 10/31/2018 | PEOPLES deposited Check #1065 (drawn on W.A.'s Wells Fargo bank account ending in -6781) for $400.00 into PEOPLES's WECU bank account ending in -5102. |
| 2 | 12/16/2018 | PEOPLES deposited Check #2525 (drawn on V.O.'s Salal Credit Union account ending in -2786) for |

| | | |
|---|---|---|
| | | $1,000.00 into PEOPLES's Wells Fargo bank account ending in -4299. |
| 3 | 12/22/2018 | PEOPLES cashed Check #1108 (drawn on L.K.'s Wells Fargo bank account ending in -0731) for $6,000.00 at a Wells Fargo branch in Seattle, Washington. |

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT 4

### (Possession of Stolen Mail)

13. On or about the below date, in Snohomish County, within the Western District of Washington, DEBORAH LYNN PEOPLES did receive, conceal, and unlawfully have in her possession letters, packages, mail, and articles contained therein which had been stolen, taken, embezzled, and abstracted from a letter box, post office, mail receptacle, and mail route or carrier which was an authorized depository for mail matter, knowing the same to have been stolen, taken, embezzled, and abstracted from an authorized depository for mail matter.

| Count | Date | Mail Matter |
|---|---|---|
| 4 | 12/12/2018 | Approximately 900 pieces of stolen mail matter. |

All in violation of Title 18, United States Code, Section 1708.

## FORFEITURE ALLEGATIONS

The allegations contained in Counts 1 – 4 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture.

Upon conviction of any of the offenses alleged in Counts 1 – 3, the Defendant shall forfeit to the United States any property that constitutes or is traceable to proceeds

of the offense. All such property is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2).

Upon conviction of the offense alleged in Count 4, the Defendant shall forfeit to the United States any property that constitutes or is traceable to proceeds of the offense. All such property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c).

**Substitute Property.** If any of the property described above, as a result of any act or omission of the Defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or,
   e. has been commingled with other property which cannot be divided without difficulty,

///

///

///

///

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

it is the intent of the United States to seek the forfeiture of any other property of the relevant Defendant, up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

DATED: 21 October 2021

A TRUE BILL:

*Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States*

FOREPERSON

NICHOLAS W. BROWN
United States Attorney

THOMAS WOODS
Assistant United States Attorney

JESSICA M. LY
Special Assistant United States Attorney

INDICTMENT/PEOPLES – 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970